**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **MARIA DEL RASARIO OROSCO** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:22cv649** |
| § | |
| **UNITED STATES OF AMERICA** § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Maria Del Rasario Orosco filed "Writ of Habeas Corpus Under 28 U.S.C. § 2241 For Ineffective Assistance of Counsel (ECF No. 1772 "Motion to Vacate Under 28 U.S.C. § 2255") Entitled to Relief Under Garza v. Idaho, 139 S. Ct. 738, 203 L. Ed.2d 77 (2019)." (Dkt. #1). The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND OF THE CASE**

On September 10, 2007, Petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute heroin, resulting in serious bodily injury, in violation of 21 U.S.C. § 846. *See* Crim. ECF 4:07cr42(6) at Dkt. # 870. On December 19, 2007, the District Court sentenced Petitioner to 240 months' imprisonment. *Id.* at Dkt. # 1198. Petitioner did not file a direct appeal; however, she filed motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 10, 2012, Petitioner filed her first § 2255 motion, which was denied because it was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Civ. ECF 4:12cv585. On September 30, 2016, Petitioner filed a

second § 2255 motion, which was dismissed for lack of jurisdiction because it was a successive motion, and Petitioner had not obtained permission from the Fifth Circuit to file it.  *See* Civ.  ECF 4:16cv757.  On May 13, 2019, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which she again challenged her conviction.  It was appropriately recharacterized as a §  2255 motion and dismissed for lack of jurisdiction because it was successive.  *See* Civ. ECF 4:19cv362.   The Court also notes that Movant filed a similar petition to the instant case, which was similarly dismissed without prejudice for lack of jurisdiciton.  *See* Civ. ECF 4:22cv583.

In the instant case, Movant asserts she is entitled to relief because her trial counsel failed to file an appeal on her behalf.  Movant claims that the new law decided in *Garza v. Idaho*, 139 S. Ct. 738 (2019) entitles her to relief.  The Government was not ordered to file a Response.

## II.  DISCUSSION

A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Movant previously filed a federal petition for habeas relief, which was denied and dismissed with prejudice. *See* Civ. ECF  4:12cv585.  Movant's prior successive § 2255 motions were then dismissed for lack of jurisdiction as successive.  *See* Civ. ECF 4:16cv757,  4:19cv362.

The Fifth Circuit  has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241.  *See Pack v. Yusuff*, 218 F.3d 448, 452-54 (5th Cir. 2000). Section 2255 is the primary means of collaterally attacking a federal sentence.  Section 2241 is used to attack the manner in which a sentence is executed.  A § 2241 petition that attacks errors that occur at pre-trial, trial, or sentencing is properly construed under § 2255.  Accordingly, a § 2241 petition that attacks errors that occurred before trial, at trial, or at sentencing must be dismissed or construed as a § 2255 motion.  *Id.*, 218 F.3d at 452.   If  a petitioner can establish that the remedy under § 2255 is "inadequate or ineffective," the Savings Clause is invoked.

In the instant case, Movant is seeking relief because she asserts her trial counsel was ineffective for failing to file a notice of appeal after she instructed him to do so. She cites to *Garza v. Idaho,* 139 S. Ct. 738 (2019) as support for reversing her conviction. She correctly notes that the Court in *Garza* presumed prejudice when it was shown that trial counsel failed to file an appeal after being told to do so. Movant, however, did not file her first § 2255 motion in a timely manner. Had Movant timely filed her § 2255 motion, and she had proven that she asked Counsel to file an appeal on her behalf, she likely would have been granted an out-of-time appeal. The Court did not reach the issues that she raised, however, because her § 2255 was procedurally barred as it was filed beyond the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

It appears that Movant may be trying to establish a later date for the start of her statute of limitations based on "new" Supreme Court law. The *Garza* case, however, neither announced a new rule of law on which Movant may rely, nor did the Supreme Court announce that it was to be applied retroactively to cases on collateral review. *Id.*; *see, also, e.g., Dodd v. United States*, 545 U.S. 353, 358 (2005) (new date for statute of limitations not established unless Supreme announces new rule of law that is to be applied retroactively on collateral review). Accordingly, *Garza* does not provide Movant with a later start date for the statute of limitations. The Court further notes that, even if *Garza* were to be retroactively applied, Movant still fails to timely file. *Garza* was decided on February 27, 2019; thus, any petition attempting to use it to reset the statute of limitations would have to have been filed no later than February 27, 2020. Petitioner filed the instant writ on July 19, 2022 (Dkt. #1). Moreover, even if Movant had provided a new Supreme Court case that would reset the limitations deadline, she still would be required to obtain permission from the Fifth Circuit before this Court could consider it as it would be successive.

As Movant previously filed a § 2255 motion that was denied and dismissed with prejudice, she is barred from bringing another § 2255 motion, absent permission from the appellate court. Movant has not shown that she obtained permission. Instead, Movant is attempting to bring this

action as a petition for writ of habeas corpus pursuant to § 2241, seeming to assert that § 2255 is inadequate in this situation.  It is well settled that a § 2241 petition for writ of habeas corpus is not a substitute for a motion to vacate sentence pursuant to § 2255.  *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000).  Movant bears the burden of proving the inadequacy or ineffectiveness of a motion under § 2255.  *Id.*  A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's successive motion requirement, does not make § 2255 inadequate or ineffective.  *Tolliver*, 211 F.3d at 878.

In this case, Petitioner attacks her federal conviction and sentence, but claims that she is entitled to bring her motion for relief under 28 U.S.C. § 2241.  The Court presumes that Petitioner asserts that she may bring the § 2241 petition based on the Savings Clause of § 2255. The Fifth Circuit has held that "only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005);  *Hooker  v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).  Although Petitioner was convicted in this jurisdiction, she is imprisoned in FDC Honolulu, Hawaii.  Therefore, if Petitioner wishes, she may file a § 2241 petition in the District Court of the District of Hawaii, which is authorized  to make the savings-clause determination as it is her custodial court.  *Id*.; *Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001). This Court, however,  lacks jurisdiction to consider a proper § 2241 petition.

In sum, construed as a § 2255 motion, this Court lacks jurisdiction to consider a successive § 2255 motion unless leave to file the same is granted by the Fifth Circuit.   *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the movant had filed a prior § 2255 motion, and the Fifth Circuit had not granted permission to file a successive § 2255 motion).   It also lacks jurisdiction to make the savings-clause determination.  If Movant wishes to bring a § 2241 based on the Savings Clause, she must file it in the district in which she is imprisoned.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the dismissal of Movant's case on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## IV. RECOMMENDATION

It is recommended that Movant's case be dismissed without prejudice for lack of jurisdiction. It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of April, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE